United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**April 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50791

Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RITA HERNANDEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-544-ALL-DB
--------------------

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Rita Hernandez ("Hernandez") appeals her conviction for

importation of cocaine.  Hernandez challenges the "knowledge"

element of the offense, asserting that there was insufficient

evidence for the jury to find that she knew of the cocaine hidden

in the vehicle.

    In reviewing a challenge to the sufficiency of the evidence,

this court views the evidence in the light most favorable to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jury's verdict, and affirms if a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. United States v. Brito, 136 F.3d 397, 408 (5th Cir. 1998). When drugs are contained in a hidden compartment in a vehicle, this court requires "evidence indicating knowledge -- circumstances evidencing a *consciousness of guilt* on the part of the defendant." United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990). Considered together, circumstances such as nervousness, conflicting statements to inspection officials, and an implausible story may adequately establish consciousness of guilt. Id. at 954-55.

After reviewing the record in this case, we conclude that there was sufficient evidence for a rational trier of fact to find that Hernandez knew of the hidden cocaine. Factors supporting this conclusion include: descriptions of Hernandez's odd behavior by the investigating agents; her statements that clearly conflict with her own prior statements and the testimony of other witnesses; and her implausible explanation for the purpose of her trip into Mexico.

Therefore, the district court's judgment is AFFIRMED.